ALD-196                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1181

MAURICE E. SCOTT,
                                                        Appellant

v.

PRESIDENT JUDGE GORDON R. MILLER; AGENT RANDAL T. SCHIRRA; ROSS
C. PRATHER, ESQ.; ROBERT E. DRAUDT, ESQ.; JUDGE JOHN F. SPATARO

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:08-cv-00298)
District Judge:  Honorable Sean J. McLaughlin

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: May 26, 2010)

OPINION

PER CURIAM

    Maurice Scott, a Pennsylvania state prisoner who is proceeding pro se and in

forma pauperis, appeals from the District Court's order dismissing his complaint.  For the

following reasons, we will summarily affirm the District Court's order.

## I.

In December 2008, Scott filed this civil rights action against Judges John F. Spataro and Gordon R. Miller, attorneys Robert Draudt and Ross Prather, and Randal Schirra, an agent with the Pennsylvania Office of Attorney General, Bureau of Narcotics Investigation and Drug Control.[1]  He alleged that Judges Miller and Spataro and attorneys Prather and Draudt "conspired to keep him incarcerated past the 180 day speedy trial rule" imposed by Pennsylvania Rule of Criminal Procedure 600.  The alleged conspiracy occurred on May 8, 2006 when Prather failed to file a nominal bail motion and Judge Miller "used a continuance."  Scott also claimed that Schirra violated his Fourth Amendment rights by illegally searching and seizing his vehicle on October 1, 2005.

The Magistrate Judge issued a report recommending that Spataro's, Miller's, Prather's, and Schirra's motions to dismiss be granted and that the claim against defendant Draudt be dismissed under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.[2] The Magistrate Judge concluded that the claims against Judges Spataro and Miller were barred by the doctrine of judicial immunity and that the claims against the remaining defendants were time-barred.  Scott filed partial objections to the report, arguing that the

---

[1]  Scott filed an amended complaint on March 9, 2009.

[2]  The Magistrate Judge noted that, due to an administrative error, defendant Draudt had not been served with the complaint.  The Magistrate Judge thus considered the claim against Draudt under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

claims against defendants Spataro and Miller were not barred by judicial immunity. The District Court rejected the objections and issued a memorandum order dismissing the complaint and adopting the Magistrate Judge's report and recommendations.

Scott now appeals.

## II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm the District Court because no substantial issues are presented on appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The Magistrate Judge's report and the District Judge's memorandum opinion are thoughtful and comprehensive, and we see no reason to discuss Scott's claims in any detail here. Suffice it to say that all counts in the complaint were properly dismissed for the reasons fully explained by the District Court. The District Court properly applied the doctrine of judicial immunity to bar the claims against the judges, and properly rejected as time-barred the remaining claims.[3] See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (explaining that judges are immune from suit except when the challenged action is taken in a nonjudicial capacity or when a judicial action is taken in the complete absence of all jurisdiction); Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (noting that there

---

[3] Although defendant Prather did not raise the statute of limitation defense in his motion to dismiss, a district court may sua sponte dismiss a claim on this basis where the defense is obvious from the complaint and no development of the factual record is required. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

3

is a two-year statute of limitation for 42 U.S.C. § 1983 actions in Pennsylvania). We note that neither in his Objections to the Magistrate Judge's report nor elsewhere did Scott provide any basis for equitable tolling of the statute of limitation. We also note that the District Court correctly applied 28 U.S.C. § 1915(e)(2) to sua sponte dismiss the claim against defendant Draudt. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111-12 (3d Cir. 2002). Our concerns regarding sua sponte dismissals are not at issue here, as Scott filed an amended complaint before the Magistrate Judge issued his report and any further attempt to amend would have been futile. See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) (stating that if a complaint is vulnerable to dismissal, a district court must first permit the plaintiff to file a curative amendment unless the dismissal is justified by bad faith, undue delay, prejudice, or futility); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (stating that a district court may sua sponte dismiss a complaint under 28 U.S.C. § 1915 based on an affirmative defense where the defense is obvious from the complaint and no development of the factual record is required).

For the foregoing reasons, we conclude this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6., and will thus summarily affirm District Court's judgment.